UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MARK E. WALKER (#550507) | CIVIL ACTION |
| VERSUS | |
| JAMES LEBLANC, ET AL. | NO. 13-553-JJB-RLB |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein.  Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on February 9, 2016.

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　RICHARD L. BOURGEOIS, JR.
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MARK E. WALKER (#550507)**  CIVIL ACTION

**VERSUS**

**JAMES LEBLANC, ET AL.**  NO. 13-553-JJB-RLB

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion for Summary Judgment filed on behalf of remaining defendants Dr. John Crawford, Deputy Warden Roy Williams, Assistant Warden Janet Bruce and social worker Carol Gilcrease (R. Doc. 109). The Motion is opposed (R. Doc. 112).

The *pro se* plaintiff, an inmate previously incarcerated at Phelps Correctional Center ("PCC"), DeQuincy, Louisiana, and thereafter at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 and the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"), against Department of Corrections Secretary James LeBlanc, LSP Legal Programs Director Trish Foster, and unidentified "John Doe" and "Jane Doe" prison officials previously employed at PCC, complaining that the defendants violated his constitutional rights through deliberate indifference to his serious medical needs, principally through a failure to provide him with tinted eyeglasses that he allegedly needed because of a congenital eye condition. Through the filing of an Amended Complaint, the plaintiff thereafter provided the identities of certain "John Doe" and "Jane Doe" defendants previously employed at PCC (Dr. John Crawford, Lynette Gill, Delores Bluit, Carol Gilcrease, George McGee, Janet Bruce, Delanie Burgess, Jedonne Johnson, and Roy Williams), and added a claim against an additional LSP official, Grievance Officer Stephanie Lamartiniere.

Pursuant to prior Magistrate Judge's Reports in this case, approved by the District Judge on July 15, 2014 and March 19, 2015, *see* R. Docs. 57, 63, 92, and 96, the Court has: (1) dismissed the plaintiff's claims asserted against defendants Lynette Gill and George McGee, without prejudice, for failure to serve these defendants within 120 days as required: (2) dismissed the plaintiff's claims asserted against James LeBlanc, Trish Foster, Delaine Burgess, Jedonne Johnson, Stephanie Lamartiniere, and Delores Bluit with prejudice; (3) dismissed plaintiff's claims regarding the handling of his administrative grievance asserted against defendant Janet Bruce, (4) dismissed the plaintiff's claims regarding the violation of his duty status restrictions and the Americans With Disabilities Act; and (5) has declined the exercise of supplemental jurisdiction relative to the plaintiff's state law claims.

The remaining defendants now move for summary judgment on the plaintiff's Eighth Amendment claim of deliberate medical indifference in the provision of alleged inappropriate eye-wear at Phelps Correction Center between April and September, 2012.  The defendants move for summary judgment relying upon the pleadings, a Statement of Undisputed Facts, a certified copy of the State of Louisiana Department of Public Safety and Corrections Health Care Policy No. HC-03, and the affidavits of Dr. John Crawford, Roy Williams, Janet Bruce, Carol Gilcrease, and Dr. Glenn M. Coullard, O.D.  The plaintiff's opposition (R. Doc. 112) is based solely upon the arguments presented therein and unidentified "official records" which were not designated with a record citation nor attached to the plaintiff's opposition.

Pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  A party

moving for summary judgment must inform the Court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, that show that there is no such genuine issue of material fact. *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  If the moving party carries its burden of proof under Rule 56, the opposing party must direct the Court's attention to specific evidence in the record which demonstrates that the non-moving party can satisfy a reasonable jury that it is entitled to a verdict in its favor.  *Anderson v. Liberty Lobby, Inc.*, *supra*, 477 U.S. at 248.  This burden is not satisfied by some metaphysical doubt as to alleged material facts, by unsworn and unsubstantiated assertions, by conclusory allegations, or by a mere scintilla of evidence.  *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).  Rather, Rule 56 mandates that summary judgment be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, *supra*, 477 U.S. at 323.  Summary judgment is appropriate in any case where the evidence is so weak or tenuous on essential facts that the evidence could not support a judgment in favor of the non-moving party.  *Little v. Liquid Air Corp.*, *supra*, 37 F.3d at 1075.  In resolving a motion for summary judgment, the Court must review the facts and inferences in the light most favorable to the non-moving party, and the Court may not evaluate the credibility of witnesses, weigh the evidence, or resolve factual disputes.  *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

In his verified Complaint, as amended, the plaintiff alleges that he arrived at Phelps Correctional Center in April, 2012, and advised PCC medical officers at that time that he suffered a severe congenital eye condition and was required to have appropriate eye-wear.  On or about June 12, 2012, the plaintiff was escorted to a consultation with an eye specialist who

prescribed "transitions" eyeglasses for the plaintiff and noted that such eye-wear was medically necessary for the plaintiff's condition. The plaintiff complains, however, that prison officials thereafter improperly modified the referenced prescription and failed to provide him with "transitions" eye-wear, allegedly because he was told that "Phelps policy did not allow for inmates to have tinted glasses." The plaintiff asserts, however, that tinted eye-wear was available for purchase from the Phelps commissary.

The plaintiff further alleges that he complained to Assistant Warden Janet Bruce, who told the plaintiff that she would contact the doctor and, if the prescribed transition lenses were medically necessary, they would be ordered. The plaintiff received no further response from Warden Bruce. The plaintiff alleges that he was later informed by Captain Gill that the prescription had been changed by Dr. John Crawford. The plaintiff alleges that Dr. Crawford denied that he had changed the prescription and did not examine the plaintiff's eyes. Dr. Crawford took no further action to resolve the plaintiff's complaint.

The plaintiff also alleges that he complained to Deputy Warden Roy Williams and social worker Carol Gilcrease. Social worker Gilcrease cited the Phelps policy that prohibits inmates from wearing tinted glasses. Warden Williams told the plaintiff that he would obtain some sort of eye protection for him, but no eye protection was provided.

According to the plaintiff, as of the time of the filing of his Complaint, he still had not been provided with appropriate tinted eye-wear resulting in permanent damage to his left eye, and he prayed for injunctive relief compelling prison officials to provide him with the requested eye-wear, as well as compensatory and punitive damages as a result of the defendants' alleged deliberate indifference to his serious medical needs.

In response to the plaintiff's allegations, the defendants contend that the plaintiff cannot show that defendants acted with deliberate indifference to the plaintiff's alleged medical need as defendants Williams, Bruce and Gilcrease were never informed or made aware of the plaintiff's alleged need for glasses with tinted lenses and cannot be liable in their supervisory capacities. The defendants also contend Dr. Crawford examined the plaintiff and his medical records and determined that tinted lenses were not medically necessary, and that Dr. Crawford was not required to follow the treatment recommendations of an outside physician.  The plaintiff disputes the veracity of the statements made in the defendants' affidavits, and asserts without specificity that official records will demonstrate facts contrary to the defendants' statements.

An inmate who seeks to assert a claim regarding inadequate medical care under § 1983 must be able to show that appropriate medical care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir. 1985).  Whether the plaintiff received the treatment or accommodation that he believes he should have is not the issue. *Estelle v. Gamble*, supra.  Nor do negligence, neglect, medical malpractice or unsuccessful medical treatment give rise to a § 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 839-30 (1994).  As stated in Farmer, to be liable on a claim of deliberate indifference, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.  The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or

engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001), *quoting Estelle v. Gamble*, *sup*ra.  Further, a mere delay in providing treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

With regards to the plaintiff's claim against Dr. Crawford, the evidence relied upon by the defendants establishes that on June 2, 2012, the plaintiff submitted a Health Care Request Form complaining of light sensitivity and poor vision. *See* R. Doc. 14-2, p. 159.  On June 12, 2012, the plaintiff was examined by an outside optometrist who diagnosed the plaintiff with Ocular Albinism, Refractive Error and Amblyopia OS > OD (meaning left eye greater than right), and noted "Polycarb" and "Transitions" in his plan of treatment. *See* R. Doc. 99-1, p. 36. Department of Public Safety and Corrections Health Care Policy No. HC-03, entitled Continuity of Care, provides, "All recommendations by non-departmental health care practitioners concerning an offender's treatment shall be reviewed by the offender's primary care provider.  If the decision is made not to carry out any or all recommendation, justification shall be documented in the offender's medical record…" *See* R. Doc. 109-8, p. 7.  Accordingly Dr. Crawford, in his capacity as Medical Director at PCC, evaluated the plaintiff and his medical file, and determined that the plaintiff's medical condition did not require the use of tinted or transition lenses. *See* R. Doc. 109-3.

Dr. Crawford was not required to adhere to the prescription for "transitions" eyeglasses from the outside eye specialist.  The law is clear that a prison doctor's disagreement with, or failure to follow, an outside physician's treatment plan or recommendation does not amount to deliberate indifference. *See Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir.1999) (The failure of

a prison doctor to follow the recommendations of an outside treating physician did not present a material fact issue for deliberate indifference.); *Gobert v. Caldwell*, 463 F.3d 339, 349 n. 32 (5th Cir. 2006) (Considering and failing to follow the recommendation of another treating physician does not amount to deliberate indifference.); *Clifford v. D*oe, 303 Fed. Appx. 174, 175 (5th Cir. 2008) (fact that medical staff at the prison did not follow the treatment plan recommended by an outside physician did not amount to deliberate indifference).

As to the plaintiff's claims asserts against defendants Williams, Bruce and Gilcrease, these defendants assert in their affidavits that they had no knowledge that tinted lenses were medically necessary and were not involved in any treatment decisions regarding the plaintiff. *See* R. Docs. 109-4, 109-5, and 109-6.  The plaintiff's allegations that these defendants offered to informally resolve the plaintiff's request for tinted eyewear do not demonstrate that the defendants were aware that the failure to provide tinted lenses presented a substantial risk of harm to the plaintiff, or that they consciously disregarded the risk.  In fact, there is nothing in the record that even suggests, other than the plaintiff's unsubstantiated allegations, a substantial risk of serious harm existed as a result of the failure to provide tinted lenses.

Regarding the plaintiff's claim asserted against defendants Williams and Bruce based on supervisory liability, in order for a person to be found liable under § 1983, the person must have been personally involved in conduct causing an alleged deprivation of the plaintiff's constitutional rights, or there must be a causal connection between the conduct of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).  Any implied allegation that defendants Williams and Bruce are responsible for the actions of their subordinates or co-employees is alone insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).  Further, in the absence of

direct personal participation by a supervisory official in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either as a result of a subordinate's implementation of the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law. *Lozano v. Smith*, *supra*. As set forth above, any alleged personal participation on the parts of defendants Williams and Bruce does not amount to a violation of the plaintiff's constitutional rights. Furthermore, the plaintiff has failed to allege the existence or implementation of any wrongful policy or breach of an affirmative duty, and has not produced any evidence as to the same. Based upon the foregoing and upon the plaintiff's failure in this case to designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial, the Court concludes that the defendants' motion is well-taken and that, on the record before the Court, the defendants are entitled to summary judgment as a matter of law.

## RECOMMENDATION

It recommended that the defendants' Motion for Summary Judgment (R. Doc. 109) be granted, dismissing the plaintiff's claims asserted against all remaining defendants, and that this action be dismissed.

Signed in Baton Rouge, Louisiana, on February 9, 2016.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**